UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH BIVONA,

                Plaintiff,

    v.                                                                       9:19-CV-0303
                                                                                   (MAD/TWD)

BRYAN S. McLEAN, et al.,

                Defendants.

---

APPEARANCES:

JOSEPH BIVONA
18-R-1155
Plaintiff, pro se
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Joseph Bivona commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis. Dkt. No. 2 ("Compl."); Dkt. No. 7 ("IFP Application").[1] By Decision and Order of this Court filed April 9, 2019, plaintiff's IFP Application was granted, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §

---

[1] This case was transferred to the Northern District of New York from the Southern District of New York on March 6, 2019. *See* Dkt. No. 5. Thereafter, the action was administratively closed based on plaintiff's failure to comply with the filing fee requirement. Dkt. No. 6. Plaintiff then properly filed his IFP Application, together with an inmate authorization form, and this action was re-opened. Dkt. Nos. 7, 8, and 9.

1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 10 (the "April 2019 Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*. Presently before this Court is plaintiff's amended complaint. Dkt. No. 11 ("Am. Compl.").

## II. DISCUSSION

### A. The Complaint and April 2019 Order

In his original complaint, plaintiff asserted claims based on alleged wrongdoing that occurred while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Ulster Correctional Facility ("Ulster C.F."). *See generally* Compl.

The complaint was construed to assert Fourteenth Amendment due process claims against Corrections Officer McLean, Corrections Officer Crandall, Senior Offender Rehabilitation Coordinator C. Loarca, and DOCCS Commissioner Annucci based on allegations that plaintiff was wrongfully confined in a special housing unit ("SHU") for seventy-three days as a result of a false misbehavior report, false statements, and a denial of procedural due process at a disciplinary hearing. *See* April 2019 Order at 4-5.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* April 2019 Order at 8-10.

### B. Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the dismissal of a

2

pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the April 2019 Order and it will not be restated in this Decision and Order. *See* April 2019 Order at 2-4.

Plaintiff's amended complaint contains new allegations regarding the incident giving rise to the misbehavior report at issue, the conditions of his SHU confinement, and defendant Annucci's alleged personal involvement in the identified constitutional violations. *See generally*, Am. Compl. The following facts are set forth as alleged by plaintiff in his amended complaint.

On June 17, 2018, defendant McLean "found contraband . . . in an area in which any inmate or correction officer has access." Am. Compl. at 3. Plaintiff "was not present" when the contraband was located. *Id*.

Instead of conducting an investigation, defendant McLean determined that plaintiff was responsible for the contraband. Am. Compl. at 3. Defendant McLean spoke with his supervisor, defendant Crandall, who "made a fabricated statement" that resulted in a false misbehavior report prepared by defendant McLean, which charged plaintiff with responsibility for the contraband. *Id*. Plaintiff was "illegally" placed in SHU following the discovery of the contraband, prior to being afforded a disciplinary hearing. *Id*.

Thereafter, plaintiff received a disciplinary hearing, where defendant Loarca acted as the hearing officer. Am. Compl. at 3. Although the false statements in the misbehavior report were "not hard to comprehend[,]" and defendant Loarca "knew something was sadly wrong[,]" defendant Loarca found plaintiff guilty of the charges and sentenced him to an unidentified amount of time in SHU. *Id*.

While in SHU, plaintiff "suffered breathing problems . . . due to pepper spray used at

3

the facility[,]" was deprived of fresh air because "the windows were broken and made to stay shut[,]" had only cold water for showering, with no curtain for privacy, and was denied hot meals and one of his daily meals on six different days. Am. Compl. at 4-5. Plaintiff was released from SHU on August 28, 2018, following a reversal of the disciplinary hearing determination. *Id*. at 5. As of that date, plaintiff had spent a total of seventy-three days confined in SHU. *Id*.

Liberally construed, the amended complaint asserts Fourth Amendment privacy claims, Eighth Amendment conditions-of-confinement and failure-to-protect claims, Fourteenth Amendment due process claims, and related state law claims against each of the defendants. *See generally*, Am. Compl. Plaintiff's claims against defendant Annucci are asserted under a theory of supervisory liability. *Id*. at 6.

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### 1. Fourth and Eighth Amendment Claims

Plaintiff's Fourth and Eighth Amendment claims are based on the alleged constitutional violations that occurred while plaintiff was confined in SHU. The amended complaint lacks any allegations which plausibly suggest that any of the named defendants directly participated in any of the alleged deprivations plaintiff suffered while in SHU, or were aware of the conditions of plaintiff's SHU confinement at any point prior to his release from SHU.

It is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] Section 1983 plaintiff must 'allege a

4

tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). "[V]icarious liability is inapplicable to . . . § 1983 suits." *Iqbal* 556 U.S. at 676; *see also Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) ("[M]ere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim.").

Prior to *Iqbal*, the Second Circuit held that supervisory personnel may be considered "personally involved" in an alleged constitutional violation only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).[2]

With respect to the third *Colon* factor, "[a] policy or custom can be explicitly established in an adopted rule or regulation, or may exist if the 'violative practice is persistent and widespread,' and if the acts of subordinate employees 'imply the constructive

---

[2] The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing supervisory liability. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*); *see also Hogan v. Fischer*, 738 F.3d 509, 519 n.3 (2d Cir. 2013) (expressing "no view on the extent to which [*Iqbal* ] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations[.]" (citing *Grullon*, 720 F.3d at 139)). For purposes of this Decision and Order, the Court assumes that all five categories under *Colon* remain valid.

5

acquiescence of senior policy-making officials.'" *Mitchell v. Cuomo*, No. 9:17-CV-0892 (TJM/DJS), 2017 WL 8780773, at *5 (N.D.N.Y. Dec. 6, 2017) (quoting *Lipton v. Cty. of Orange*, 315 F. Supp. 2d 434, 453 (S.D.N.Y. 2004)). "Allegations that an abusive policy existed are not enough to state a claim." *Mitchell*, 2017 WL 8780773, at *5. Rather, a plaintiff "must allege facts that suggest how and when the supervisory defendant was on notice of previous incidents." *Id*. (citing *Carpenter v. Apple*, No. 9:15-CV-1269 (GTS/CFH), 2017 WL 3887908, at *10 (N.D.N.Y. Sept. 5, 2017) (finding that the plaintiff adequately plead liability under the third *Colon* factor because he alleged that the defendant was on notice of previous incidents at the facility involving male corrections officers having inappropriate sexual contact with female detainees); *Plair v. City of New York*, 789 F. Supp. 2d 459, 466 (S.D.N.Y. 2011) (dismissing the plaintiff's allegations of a policy or custom due to "the passage of time and the installation of a new DOC Commissioner and other supervisory staff between the prior violent incidents and the alleged abuse of Plaintiff")); *see also Rahman v. Fischer*, No. 08-CV-4368, 2010 WL 1063835, at *5 (S.D.N.Y. Mar. 22, 2010) (finding allegation that defendant "received 'several' complaints of staff assaulting prisoners" to be "an insufficient allegation of notice of any policy or custom of assaults by correction officers"); *Martin v. Patterson*, No. 9:09-CV-1372 (LEK/ATB), 2010 WL 3033796, at *3 (N.D.N.Y. July 16, 2010) ("Plaintiff's conclusory allegations that defendants failed to properly train staff and investigate the matter, and that current policy condones excessive force, is not enough to establish that defendant Carlsen (or any defendant) was aware of any history of excessive force toward plaintiff or at Ulster in general."), *report and recommendation adopted by* 2010 WL 3033809 (N.D.N.Y. Aug. 3, 2010).

With respect to the fourth *Colon* factor, a "plaintiff must show that the defendant knew

or should have known that there was a high degree of risk that his subordinates would behave inappropriately, but either deliberately or recklessly disregarded that risk by failing to take action that a reasonable supervisor would find necessary to prevent such a risk, and that failure caused a constitutional injury to Plaintiff." *Samuels v. Fischer*, 168 F. Supp. 3d 625, 638 (S.D.N.Y. 2016) (internal quotation marks and citation omitted). "Vague and conclusory allegations that a supervisor failed to train or properly monitor the actions of subordinate employees will not suffice to establish the requisite personal involvement and support a finding of liability." *White v. Fischer*, No. 9:09-CV-0240 (DNH/DEP), 2010 WL 624081, at *6 (N.D.N.Y. Feb. 18, 2010).

Plaintiff's allegation that defendants Crandall, McLean, and Loarca were responsible for his wrongful SHU confinement is not enough to plausibly suggest their personal involvement in any constitutional violation that occurred while plaintiff was in SHU. Moreover, with respect to defendant Annucci, plaintiff's allegations of personal involvement based on defendant Annucci's alleged creation or ratification of a policy under which the alleged constitutional violations occurred, and failure to adequately hire and train DOCCS employees, are entirely conclusory. For example, plaintiff has not articulated in any respect the nature of any purported custom or policy at Ulster C.F. under which any alleged constitutional violations occurred. Similarly, the amended complaint lacks any allegations which plausibly suggest that defendant Annucci knew or should have known that there was a high degree of risk that officials overseeing the SHU at Ulster C.F. would take steps to deny plaintiff access to a shower curtain, hot water for showering, meals, and a working window. *See, e.g., Nash v. McGinnis*, 585 F. Supp. 2d 455, 460 (W.D.N.Y. 2008) ("Although plaintiff need not plead facts in great detail, the formulaic allegation that [the Superintendent] was aware of the

7

alleged violations and did nothing to stop them from occurring, without some factual allegations to explain the basis for that conclusion, is insufficient to render it plausible that [the Superintendent] was personally involved in the alleged constitutional deprivations.").

Accordingly, plaintiff's Fourth and Eighth Amendment claims against defendants Crandall, McLean, Loarca, and Annucci are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Fourteenth Amendment Claims

In the April 2019 Order, the Court discussed the applicable legal standard governing plaintiff's Fourteenth Amendment due process claims, which will not be repeated herein. *See* April 2019 Order at 5-8.

As with the original complaint, plaintiff's amended complaint once again lacks any allegations explaining how plaintiff was denied due process during his disciplinary hearing. Plaintiff does not allege, for example, that he was denied (1) access to an assistant, (2) requested documents or witnesses, or (3) an opportunity to testify or challenge documents or witnesses presented.[3] Nor does he allege that defendant Loarca relied solely on a false misbehavior report in finding him guilty of the charges therein.[4] Instead, plaintiff alleges, in entirely conclusory fashion, that defendant Loarca "did not know how hearings are to proceed[,]" failed to "comprehend the false statements in the misbehavior report[,] . . . refused to properly investigate[,]" and conducted a "one sided" hearing despite knowing

---

[3] Plaintiff also does not allege how long he was confined in SHU prior to the conclusion of his disciplinary hearing, or any facts which plausibly suggest that the conditions of his SHU confinement during this unidentified period were "atypical" in relation to the ordinary incidents of prison life.

[4] The amended complaint is also devoid of any facts which plausibly suggest that defendants McLean and/or Crandall made false statements in retaliation for plaintiff's engagement in some protected activity.

8

"something was sadly wrong[.]" Am. Compl. at 3. These allegations are insufficient to plausibly suggest that plaintiff was not afforded the requisite process to which he was entitled. *See, e.g., Gillard v. Rovelli*, No. 9:12-CV-083 (LEK/CFH), 2014 WL 4060025, at *2, *13 (N.D.N.Y. Aug. 14, 2014) (granting motion for judgment on the pleadings and dismissing due process claim against hearing officer, noting that inmate's allegation that hearing officer failed to act as an impartial hearing officer and "staged" the hearing was entirely conclusory); *De Ponceau v. Bruner*, No. 9:09-CV-0605 (GTS/DEP), 2012 WL 1030415, at *10 (N.D.N.Y. Feb. 21, 2012) (noting that plaintiff's allegation that hearing officer conducted a "one sided" Tier III disciplinary hearing was entirely conclusory, and recommending dismissal of procedural due process claim for failure to state a claim upon which relief may be granted), *report and recommendation adopted by* 2012 WL 1014821 (N.D.N.Y. Mar. 23, 2012); *Rush v. Canfield*, 649 Fed. App'x 70, 71 (2d Cir. 2016) ("Rush's assertion that he was 'denied the right to call witnesses and the right to assistance,' . . . is a bare legal conclusion incapable of surviving a motion to dismiss").

Accordingly, plaintiff's Fourteenth Amendment due process claims against defendants Crandall, McLean, Loarca, and Annucci are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. State Law Claims

Based on the dismissal of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims at this time. *See* 28 U.S.C. § 1367(c)(3); *Kolari v. New York Presbyterian Hosp.*, 445 F.3d 118, 120 (2d Cir. 2006) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has original jurisdiction have been dismissed).

The Court would add only that "[v]iolations of state law do not give rise to liability under § 1983." *Price v. Cully*, No. 9:11-CV-0977 (LEK/TWD), 2012 WL 4109024, at *3 (N.D.N.Y. Aug. 30, 2012) (citing *Doe v. Conn. Dep't of Child & Youth Servs*., 911 F.2d 868, 869 (2d Cir. 1990)), *report and recommendation adopted by* 2012 WL 4107753 (N.D.N.Y. Sept. 18, 2012); *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 482 (N.D.N.Y. 2009) ("A violation of a state law or regulation, in and of itself, does not give rise to liability under 42 U.S.C. § 1983."); *see also Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985) ("[A] state employee's failure to conform to state law does not itself violate the Constitution and is not alone actionable under § 1983 . . .").

## III.  CONCLUSION

After reviewing plaintiff's amended complaint, and according it the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this action.  Accordingly, and in light of the foregoing, plaintiff's amended complaint is dismissed in its entirety.

Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *Abascal v. Hilton*, No. 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.) ("Of course, granting a pro se plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 Fed. App'x 388 (2d Cir. 2009); *accord, Shuler v. Brown*, No. 07-CV-0937, 2009 WL 790973, at *5 & n. 25 (N.D.N.Y. Mar. 23, 2009) (McAvoy, J., adopting Report-

Recommendation by Lowe, M.J.), *Smith v. Fischer*, No. 07-CV-1264, 2009 WL 632890, at *5 & n. 20 (N.D.N.Y. Mar. 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.).[5]

In this case, plaintiff has already been afforded an opportunity to amend his complaint. In addition, plaintiff was specifically advised of the deficiencies in his original complaint with respect to his Fourteenth Amendment disciplinary due process claims, yet he once again failed to offer any non-conclusory allegations regarding his disciplinary hearing, and the process he was not afforded.

Accordingly, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted pursuant to Section 1983.[6]

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to terminate all of the defendants and close this case; and it is further

---

[5] *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that denial of leave to amend was not an abuse of discretion where movant has repeatedly failed to cure deficiencies in pleading); *Coleman v. brokersXpress, LLC*, 375 Fed. App'x 136, 137 (2d Cir. 2010) ("Nor can we conclude that the district court abused its discretion in denying Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend."); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of pro se plaintiff's amended complaint without leave to amend, for failure to state a claim upon which relief can be granted, without engaging in analysis of whether second amended complaint would be futile); *Yang v. New York City Trans. Auth.*, No. 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) ("Yang's amended complaint fails to remedy this defect in his pleadings. . . . His equal protection claim is dismissed."), *aff'd*, 71 Fed. App'x 90 (2d Cir. 2003).

[6] Although plaintiff's federal constitutional claims are dismissed with prejudice, plaintiff is free to pursue any available state law claims in the appropriate state court.

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: May 24, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge